UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE R. CARNES, JR., | Case No.  2:24-cv-00502-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | SCREENING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| SACRAMENTO COUNTY MAIN JAIL, *et al.*, | |
| Defendants. | ECF Nos. 1 & 7 |

Plaintiff, a pretrial detainee in the Sacramento County Jail, brings this action against several defendants. ECF No. 1.  The complaint, however, is incomprehensible and does not adequately put each defendant on notice as to the claims against them.  Accordingly, I will give him leave to amend.  I will also grant his application to proceed *in forma pauperis*. ECF No. 7.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint is poorly organized and largely impossible to understand. I can glean that he is complaining about having a gastrointestinal issue that is being inadequately cared for, though the specifics are either absent or impossible to glean. ECF No. 1 at 3. Elsewhere, he complains about being unable to shower or change clothes adequately. *Id.* at 6. The complaint is flawed, however, insofar as it does not describe how each of the named defendants was responsible for these issues. *See Bonnette v. Dick*, No. 1:18-cv-0046-DAD-BAM, 2020 U.S. Dist. LEXIS 108896, *19 (E.D. Cal. June 22, 2020) ("Plaintiffs must clearly identify which defendant(s) they believe are responsible for each violation of their constitutional rights and set

forth the supporting factual basis so that the complaint places each defendant on notice of Plaintiffs' claims against him or her."). He is also advised the claims against the county jail, the sheriff's department, and the medical department are effectively claims against Sacramento County itself, and may be pursued only after identifying some practice or policy that underlies the complained-of violation. *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). He may file an amended complaint that better explains his claims.

Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days of service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

IT IS SO ORDERED.

Dated: ___July 17, 2024___        _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE

3