UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE R. CARNES, JR., | Case No. 2:24-cv-0502-JDP (P) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY MAIN JAIL, *et al.*, | |
| Defendants. | |

On November 18, 2024, the court ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms necessary to effect service on defendants. ECF No. 16. That thirty-day period has since passed, and plaintiff has not responded in any way to the court's order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1

I will give plaintiff a chance to explain why the court should not dismiss the case for failure to comply with court orders and failure to prosecute. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, the USM-285 forms necessary to effect service on defendants.

IT IS SO ORDERED.

Dated:    March 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE